# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES L. KOPECKY, RECEIVER FOR BRAD A. WEAVER AND BETA ASSET MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARK VEHSLAGE, HEATHER LENGYEL, and RICHARD SCHRIPSEMA, <br><br> Defendants. | FILED: MAY 30, 2008 <br> Case No. 08CV3135   RCC <br> JUDGE MANNING <br> MAGISTRATE JUDGE SCHENKIER |

## COMPLAINT

Plaintiff, James L. Kopecky ("the Receiver"), Receiver for Brad A. Weaver ("Weaver") and Beta Asset Management, Inc. ("Beta"), for his Complaint against Defendants Mark Vehslage, Heather Lengyel and Richard Schripsema ("Defendants"), alleges as follows:

### NATURE OF THE CASE

1.   This case arises from a ponzi scheme perpetrated by Weaver and Beta. Weaver and Beta raised over $22 million from more than 100 investors by, among other things, making various fraudulent representations relating to their ability to trade in error accounts. Defendants received in excess of $3 million from Weaver's and Beta's fraudulent financial scheme as subsequent transferees who took the funds without providing consideration or services. The money received by Defendants was taken from capital raised from other investors who subsequently lost part or all of the monies they invested in Weaver's and Beta's scheme.

2.   Defendants funneled this money through a company they used as a front to hide

their fraudulent receipt of the funds. The purpose of this lawsuit is to recover the proceeds given to Defendants so those funds can be equitably redistributed to the other investors who lost part or all of the monies they invested in Weaver's and Beta's scheme.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a) and Section 27 of the Exchange Act, 15 U.S.C. § 78aa. This Court has supplemental jurisdiction over the Illinois State law claim pursuant to 28 U.S.C. §1367. Jurisdiction is also proper as the amount in controversy exceeds $75,000 and there is complete diversity of the parties, pursuant to 28 U.S.C. 1332(a).

4. Venue is proper pursuant to 28 U.S.C. §1391(b). The acts and practices giving rise to the claims asserted herein occurred in this District.

## THE PARTIES

### Plaintiff

5. Plaintiff, James L. Kopecky, is the Receiver for Weaver and Beta in *Securities Exchange Commission v. Weaver*, No. 04 C 8279 (hereinafter "*SEC v. Weaver*"). The Receiver was appointed for the benefit of investors to "marshal, conserve, protect, hold funds, operate, and with the approval of the Court, dispose of all assets of any nature … in which [Weaver] and [Beta] have a legal, equitable or beneficial interest, including money that [Weaver and Beta] improperly paid to investors …." (Emphasis supplied.) (A copy of the Order Appointing Receiver is attached hereto as Exhibit A.). Because the Receiver was not appointed until after the transfers which are the subject of this Complaint were made, the Receiver does not have personal knowledge of the facts alleged in this Complaint and therefore alleges those facts on information and belief.

6. Weaver is an individual, who, at all relevant times, resided in Chicago, Illinois. During the time periods relevant to this Complaint, Weaver held himself out as president of Beta. Weaver was employed as a registered representative by Raymond James Financial Services, Inc. ("Raymond James"), a registered broker-dealer, from 1999 until April 15, 2003.

7. Beta is an Illinois corporation with a principal place of business in Chicago, Illinois.

### Defendants

8. Defendant Mark Vehslage ("Vehslage") resides at 2232 Santa Barbara Street, Santa Barbara, California.

9. Defendant Heather Lengyel ("Lengyel") resides at 2232 Santa Barbara Street, Santa Barbara, California. Lengyel is the wife of Defendant Vehslage.

10. Defendant Richard Schripsema ("Schripsema") resides at 1106 Harbor Hills Drive, The Mesa, Santa Barbara, California.

### Related Parties

11. Lakewood Properties, Ltd. ("Lakewood") is an Illinois corporation formed by Defendants Vehslage and Schripsema, purportedly to invest in real estate, however, used solely for the purpose of acting as a shell company to fraudulently funnel funds to Defendants.

### GENERAL ALLEGATIONS

### The Fraudulent Financial Scheme

12. From January 2003 to December 2004, Brad Weaver and Beta operated a Ponzi scheme which raised over $22 million from more than 100 investors by, among other things, making various fraudulent representations relating to their ability to trade in error accounts. The money received by "investors" was taken from capital raised from subsequent "investors."

13. During the period of Weaver's and Beta's fraudulent financial scheme, on or about June 4, 2004, Beta Asset wired $2.6 million dollars to Chicago Title & Trust for the benefit of Defendants and not in exchange for products, services or other consideration. Throughout the relevant time period, Lakewood received funds in excess of its investment with Beta and passed those funds on to Defendants in exchange for no value.

### The Commission's Lawsuit against Weaver and Beta

14. On December 23, 2004, the Commission filed its Complaint in *SEC v. Weaver* alleging that Weaver's and Beta's conduct violated section 17(a) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. § 77q(a)), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78j(b)), and Rule 10b-5 promulgated thereunder (17 C.F.R. 240.10b-5).

15. On January 4, 2005, Weaver and Beta consented to the entry of a preliminary injunction restraining them from violating section 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Securities Exchange Act.

16. On February 3, 2006, the Court permanently enjoined Weaver and Beta from violating section 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Securities Exchange Act.

### The Receiver's Lawsuit Against Lakewood Properties, Ltd.

17. On May 22, 2007, the Receiver filed an action against Lakewood in the Northern District of Illinois, *Kopecky et al. v. Lakewood Prop., Ltd.* Case No. 07 C 02863 ("Lakewood Case"). The three-count Complaint asserted 1) that Lakewood should be required to disgorge funds it acquired from Weaver's and Beta's violations of the Securities Act, the Exchange Act and Rule 10b-5 thereunder; 2) unjust enrichment of Lakewood of approximately $3 million to

the detriment of the other investors involved in the fraudulent financial scheme; and 3) violations of the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 et seq. (2003).

18.　　During the course of the discovery taken in the Lakewood case, the Receiver became aware that funds transferred by Weaver and Beta to Lakewood were for the benefit of, or transferred to, Defendants Vehslage, Lengyel, and Schripsema without reasonably equivalent value in exchange.

### Transfers from Lakewood to Defendants

19.　　On June 4, 2004, Beta received a wire transfer in the amount of $3,000,000 from an individual "investor" in Beta's Ponzi scheme.. (A copy of the account statements reflecting the relevant transfers are attached hereto as Exhibit B[1] at B001).  On the same day, Beta wired $2.6 million from its Bank of America account to an account at Chicago Title and Trust Company for the benefit of Lakewood.  (B002).

20.　　Also on June 4, 2004, Defendant Vehslage caused the $2.6 million that Beta wired to Lakewood's account at Chicago Title and Trust, plus additional funds, to be wired in turn to an account at Northern Trust Company.  This account is held by Mark R. Vehslage, personally.  (B004).

21.　　Upon information and belief, from June 2004 to the present, Defendant Vehslage, Defendant Lengyel, and Defendant Schripsema have not been employed and have had no source of income other than from income received from Lakewood.  The $2.6 million, along with the other Lakewood profits, transferred from Beta to Lakewood then subsequently transferred to Defendant Vehslage's personal account, have been used to fund Defendants' extravagant lifestyles, including, but not limited to, the purchase of a $3 million dollar home for Defendants Vehslage and Lengyel, and the purchase of automobiles for all three Defendants.

22. Further, Defendants provided no reasonably equivalent value for any of the funds received from Beta through Lakewood.

## COUNT I

### Unjust Enrichment

23. Paragraphs 1 through 22 are realleged and incorporated by reference as though fully set forth herein.

24. Defendants unjustly received a profit of more than $2.7 million dollars from the fraudulent financial scheme perpetrated by Weaver and Beta.

25. Defendants were unjustly enriched to the detriment of the other investors in the fraudulent financial scheme.

26. Defendants' retention of the proceeds of the fraudulent financial scheme violates fundamental principles of justice, equity and good conscience.

## COUNT II

### Uniform Fraudulent Transfer Act

27. Paragraphs 1 through 26 are realleged and incorporated by reference as though fully set forth herein.

28. The transfer of funds from Beta to Lakewood to Defendant Vehslage's personal account and used for the benefit of all Defendants constitutes either direct fraudulent conveyances or a subsequent fraudulent conveyance for no reasonably equivalent value under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq*. (2003).

29. The transfer of funds from Beta to and for the benefit of Lakewood Properties, Ltd. and the Defendants personally was done with actual intent to hinder, delay or defraud any creditor of Beta.

---

[1] To protect the identity of third parties, portions of the account statements have been redacted.

30. The transfer of funds from Beta to and for the benefit of Lakewood Properties, Ltd. and the Defendants personally was done without Beta receiving a reasonably equivalent value in exchange for the transfer or obligation, and Beta was engaged or was about to engage in the business or transaction for which the remaining assets of Beta were unreasonably small in relation to the business transaction; and intended to incur, or believe or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

31. The subsequent transfer of funds from Lakewood to and for the benefit of Defendants was done without Beta receiving any equivalent value in exchange for the transfer or obligation.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order setting aside the transfer; enter a monetary judgment in an amount in excess of $3 million, plus pre-judgment interest; and enter such other and further relief as the Court deems just and appropriate.

May 30, 2008                                Respectfully submitted,

                                            /s James L. Kopecky
                                            Plaintiff-Receiver


James L. Kopecky, P.C.
190 South LaSalle Street, Suite 850-A
Chicago, Illinois 60603
312.380.6522
ARDC No. 6225359