# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BRAD A. WEAVER, BETA ASSET MANAGEMENT, INC., <br><br> Defendants. | Case No: 04 C 8279 <br> Judge Rebecca R. Pallmeyer <br> Magistrate Judge Geraldine Soat Brown |

## ORDER APPOINTING A RECEIVER

Plaintiff, Securities and Exchange Commission ("Commission"), requested that the Court appoint a Receiver for the benefit of investors to marshal, conserve, protect, hold funds, operate and, with the approval of the Court, dispose of all assets of any nature, wherever those assets may be found, in which Brad A. Weaver and Beta Asset Management, Inc. ("Defendants") have a legal, equitable or beneficial interest, including money that Defendants improperly paid to investors (collectively "Receivership Property").

The Commission requests the appointment of James L. Kopecky as receiver over Defendants and the Receivership Property.

1.  The Receiver shall have the following powers and duties to fulfill his obligations:

    a.  Use reasonable efforts to determine the nature, location, and value of all assets and property owned by Defendants and their affiliates, in their possession or subject to their control;

    b.    Use reasonable efforts to determine the identity of all of Defendants' investors; the amount of money that Defendants received from each investor; the amount of money that Defendants' paid to each investor; and seek to recover excessive payments, if any paid to certain investors, for more equitable distribution;

    c.    Engage and employ, with the approval of the Court, any accounting firms or other necessary individuals or entities the Receiver deems necessary to assist in his duties ("Retained Personnel");

    d.    Take such action as necessary and appropriate to prevent the dissipation or concealment by Defendants or their affiliates of any funds or assets constituting Receivership Property and otherwise preserve any such funds and assets;

    e.    The Receiver shall have the authority to issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure, concerning any subject matter relating to the identification, preservation, collection and/or liquidation of the Receivership Property, including, without limitation, Defendants and their affiliated entities' assets, money received from or paid to investors, or otherwise related to the discharge of the Receiver's duties;

    f.    Oversee the operations of any and all businesses owned or controlled by Defendants or otherwise constituting a part of the

> Receivership Property; and
>
> g. The Receiver may bring such legal actions based on law or equity in any state, federal, or foreign court as he deems necessary or appropriate in discharging his duties as Receiver or on behalf of investors whose interests he is protecting.

2. Within sixty (30) days of his appointment as Receiver, or such longer time as the Court may approve, the Receiver shall file an inventory and appraisal of all property and assets in Defendants' possession, custody or control or in which Defendants hold a beneficial interest.

3. Within thirty (30) days after the filing of the inventory, and at regular intervals of not less than three (3) months thereafter until discharged, the Receiver shall file reports of his acts and transactions in his official capacity as Receiver.

4. The Receiver shall establish one or more bank account(s), in his discretion, to deposit any of Defendants' funds frozen by prior Orders in this case and any other funds the Receiver may recover, including any money recovered from investors or derived from liquidating Receivership Property ("Receivership Accounts"). The Receiver shall use such funds for any legitimate purpose consistent with the Receiver's powers and duties and this Order, including paying fees and expenses of the Receiver and Retained Personnel, as approved by the Court.

5. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement to the extent that funds are available to make such payments from the Receivership Accounts. Such compensation shall be in amounts commensurate with the services performed by the Receiver and Retained Personnel and

shall be subject to the approval of the Court. The Receiver and Retained Personnel shall apply to the Court for such compensation and expense reimbursement quarterly, beginning with the first report the Receiver files pursuant to paragraph 3 of this Order and such amounts shall be paid from the Receivership Accounts.

6. The Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary duties and obligations in this matter unless and until this Court so orders.

7. The Receiver and Retained Personnel are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

8. Defendant Weaver is required to assist the Receiver in fulfilling his duties and obligations. As such, he must respond promptly and truthfully to all requests for information and documents from the Receiver. However, this requirement does not impinge on Weaver's rights to assert any applicable privilege.

9. All investors, creditors, and other persons, and all others acting on behalf of any such investor, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are stayed from:

    a. Commencing, prosecuting, continuing or enforcing any suit or

     proceeding against or affecting Defendants or any other part of the Receivership Property, except that such actions may be filed to toll any statutes of limitations;

   b. Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any portion of the Receivership Property, including, without limitation, any property owned by or in the possession of Defendants or the Receiver, wherever situated;

   c. Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with Defendants or any entities controlled by Defendants, or otherwise affecting the Receivership Property; and

   d. Doing any act to interfere with the taking control, possession, or management, by the Receiver, of any portion of the Receivership Property, including, without limitation, Defendants' assets and assets owned, controlled, or in the possession of the Receiver, or to in any way interfere with or harass the Receiver, or to interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Property.

10. From time to time upon application of the Receiver, the Court shall reissue

this order and upon applications of the Receiver may amend this order.

11. All persons, and all others acting on behalf of any such persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are ordered to turn over to the Receiver any and all property, including records of any nature in which Defendants are the owner or have an interest in, immediately upon receiving notice of the entry of this order.

Dated: 2/24/06

_____
United States District Court Judge

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer RRP | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 8279 | **DATE** | 2/1/2007 |
| **CASE TITLE** | Securities and Exchange Commission vs. Brad A. Weaver | | |

**DOCKET ENTRY TEXT**

Status hearing held on 2/1/2007. Status hearing set for 5/1/2007 at 9:00. Receiver's application to reissue order appointing a receiver (56) granted. James L. Kopecky is appointed as receiver over defendants and the Receivership Property effective February 2, 2007.

Docketing to mail notices.

00:03

| | Courtroom Deputy Initials: | ETV |
|---|---|---|

# Exhibit B



BETA ASSET MANAGEMENT, INC.

Page 2 of 9
Account Number: 0028 7204 4535
E0  E  EA Enclosures 0    54
Statement Period
06/01/04 through 06/30/04    0019012

## Deposits and Credits - Continued

| Date Posted | Amount | Description | Bank Reference |
|---|---|---|---|
| 06/02 | 55,000.00 | | 903706020015847 |
| 06/03 | 10,000.00 | | 903706030010084 |
| 06/03 | 10,000.00 | | 903706030010151 |
| 06/04 | 3,000,000.00 | Wire Type:Wire IN Date: 040604 Time:1157 Et Trn:2004060400017906 Seq:Bn040604141568/001727 Orig: ▓▓▓ Snd Bk:Bank One, N .A. ID: ▓▓▓ Pmt Det:Bn040604141568 Further Cr Edit ▓▓▓ | 903706040017906 |
| 06/07 | 25,000.00 | | 903706070031539 |
| 06/07 | 20,000.00 | | 903706070031466 |
| 06/08 | 50,000.00 | | 903706080019690 |
| 06/08 | 13.65 | | 905706070595575 |
| 06/09 | 100,000.00 | | 903706090014894 |
| 06/09 | 100,000.00 | | 903706090029350 |
| 06/09 | 50,000.00 | | 903706090030471 |

B 001

H.

Page 6 of 9
Account Number: 0028 7204 4535
E0  E   EA Enclosures 0           54
Statement Period
06/01/04 through 06/30/04       0019016

BETA ASSET MANAGEMENT, INC.

## Withdrawals and Debits - Continued

**Other Debits**

| Date Posted | Amount | Description | Bank Reference |
|---|---|---|---|
| 06/03 | 135,000.00 | | 903706030041422 |
| 06/03 | 20.00 | | 903706030015092 |
| 06/04 | 2,600,000.00 | Wire Type:Wire Out Date:040604 Time:1256 Et Trn:2004060400022163 Service Ref:000508 Bnf:Chicago Title & Trust Co ID:5800038704 Bnf Bk: Lasalle Bank N.A. ID:071000505 Pmt Det:Ref:Es# 024 055384 | 903706040022163 |
| 06/04 | 55,000.00 | | 903706040022311 |
| 06/04 | 20.00 | | 903706040015304 |
| 06/04 | 20.00 | | 903706040015302 |
| 06/07 | 105,000.00 | | 903706070024691 |
| 06/07 | 20.00 | | 903706070015404 |
| 06/10 | 2,000.00 | | 903706100031146 |
| 06/10 | 2,000.00 | | 903706100031381 |
| 06/10 | 20.00 | | 903706100014336 |
| 06/10 | 20.00 | | 903706100014334 |
| 06/15 | 1,192,800.00 | | 903706150014664 |
| 06/15 | 20.00 | | 903706150014640 |
| 06/16 | 100,000.00 | | 903706160032673 |
| 06/16 | 500.00 | | 957106167524723 |
| 06/16 | 20.00 | | 903706160013177 |
| 06/17 | 2,000.00 | | 957206177509975 |
| 06/17 | 3,000.00 | | 902541682259798 |
| 06/18 | 85,000.00 | | 903706180022707 |

B 002

```
ESCRINQ                              ESCROW ACCOUNT INQUIRY                              ESUBE-01401
                                                                                            03/13/07
      ESCROW ACCOUNT: 01401-024055384-001                                                PAGE 001 OF 002
        ESCROW ADMIN: PMC   PATRICE M. CONNOLLY              BUYER: LAKEWOOD PROPERTIES, LTD.
     CLOSING LOCATION: LND                                  SELLER: NO PRIMARY SELLER
         DATE OPENED: 05/14/04
   LAST ACTIVITY DATE: 06/04/04                      CASH BALANCE:         0.00+
      DATE OVERDRAWN:   /  /                     SECURITY BALANCE:         0.00+
       DATE ARCHIVED:   /  /    ARCHIVED DEVICE:   UNPOSTED CASH:          0.00+

  DATE    POST DATE CLEAR DATE TRN  DOCUMENT    BNK   PAYOR/PAYEE                USER    AMOUNT       ST OFFICE  ORDER NUMBER
06/04/04  06/04/04   /  /      DW   000000001371 102  MARK R VEHSLAGE            PMC   2,658,275.22-  L  01401   01401-024055384
06/02/04  06/02/04   /  /      DW   000000010950 102  CITIBANK (WEST), FSB       JA1   1,226,052.08-  L  01401   01401-024055384
06/02/04  06/02/04   /  /      DW   000000010951 102  CITIBANK (WEST), FSB       JA1   1,323,081.20-  L  01401   01401-024055384
06/02/04  06/02/04   /  /      DW   000000000144 100  VOID - $2,658,275.22+ MARK R VEHSL PMC    0.00+ V  01401   00000-
06/01/04  06/01/04   /  /      R    000000010769 998  ESCROW 24057728 UNIT 1     JA1     480,085.00+ L  01401   01401-024055384
06/01/04  06/01/04   /  /      R    000000010770 998  ESCROW 24057696 855-1      JA1     281,762.50+ L  01401   01401-024055384
06/01/04  06/01/04   /  /      R    000000010771 998  ESCROW 24057695 857-2      JA1     392,961.00+ L  01401   01401-024055384
06/01/04  06/01/04   /  /      R    000000010786 998  ESCROW 24057745 UNIT 857-G JA1     296,102.50+ L  01401   01401-024055384
06/01/04  06/01/04   /  /      R    000000010787 998  ESCROW 24057691 UNIT 859-4 JA1     456,497.50+ L  01401   01401-024055384
06/01/04  06/04/04   /  /      RW   000000010906 102  LAKEWOOD PROPERTIES, LTD   PMC   2,600,000.00+ L  01401   01401-024055384


   <S> SECURITY   <L> LEDGER    <R> RECEIPT    <I> RCPTINQ    <E> ESCRMAIN    <D> DISBURSE
```

B 003



# The Northern Trust Company
50 South LaSalle Street, Chicago, Illinois 60675

STATEMENT OF WIRE ACTIVITY

MARK R VEHSLAGE
40 E. CHICAGO # 403
CHICAGO IL 60611

ACCOUNT NO 0002423669

DATE: JUNE 4, 2004

PAGE: 1

Inquiries regarding this statement may be phoned to: Electronic Banking (312) 444-3695

| Transaction Description | Debit | Credit |
|---|---|---|
| FWI TRN 20040604-113300   060461Q6760C00363306041521FT01<br>ORG: CHICAGO TITLE AND TRUST CO LOOP 171 N CLARK<br>    ATT DONNA KRUPSKI CHICAGO, IL 60601<br>FROM: LASALLE BANK N.A.   ABA/071000505<br>BNFACCT: 2423669<br>BNF: MARK R VEHSLAGE<br>RFB: 040604006620<br>BBI: DEP TO ABOVE ACCT | | $2,658,275.22 |

SUMMARY

|  | NUMBER | AMOUNT |
|---|---|---|
| DEBITS | 0 | $.00 |
| CREDITS | 1 | $2,658,275.22 |
| TOTAL | 1 | |

ABBREVIATION:   FWO - Fed Wire Out    IBT - Internal Bank Transfer   FWI - Fed Wire In

B 004

11

LWP 000107

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAMES L. KOPECKY, RECEIVER FOR BRAD A. WEAVER AND BETA ASSET MANAGEMENT, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>MARK VEHSLAGE, HEATHER LENGYEL, and RICHARD SCHRIPSEMA, )<br><br>Defendants. ) | Case No. 08 C 3135 |

### Notice of Filing

    PLEASE TAKE NOTICE that on June 2, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, **Exhibits A & B** to Plaintiff's Complaint.

    Respectfully submitted,

    s/James L. Kopecky
    James L. Kopecky, Receiver

James L. Kopecky, P.C.
190 S. LaSalle St., Ste. 850-A
Chicago, IL 60603
T: (312) 527-3966
F: (312) 527-3968

### CERTIFICATE OF SERVICE

    I, James L. Kopecky, do hereby attest and state that on June 2, 2008 I caused copies of **Exhibits A & B** to be served on all counsel of record via the U.S. District Court for the Northern District of Illinois' ECF system.

    s/James L. Kopecky