**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES L. KOPECKY, RECEIVER FOR BRAD A. WEAVER AND BETA ASSET MANAGEMENT, INC., | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  08 C 3135 |
| | ) | |
| MARK VEHSLAGE, HEATHER LENGYEL, and RICHARD SCHRIPSEMA, | ) ) ) | Honorable Blanche M. Manning |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT**

Plaintiff, James L. Kopecky ("the Receiver"), Receiver for Brad A. Weaver ("Weaver") and Beta Asset Management, Inc. ("Beta"), for his Amended Complaint against Defendants Mark Vehslage, Heather Lengyel and Richard Schripsema ("Defendants"), alleges as follows:

**NATURE OF THE CASE**

1.      This case arises from a Ponzi scheme perpetrated by Weaver and Beta.  Weaver and Beta raised over $22 million from more than 100 investors by, among other things, making various fraudulent representations relating to their ability to trade in error accounts.  Defendants received in excess of $3 million from Weaver's and Beta's fraudulent financial scheme as subsequent transferees who took the funds without providing consideration or services.  The money received by Defendants was taken from capital raised from other investors who subsequently lost part or all of the monies they invested in Weaver's and Beta's scheme.

2.      Defendants funneled this money through a company they used as a front to hide

their fraudulent receipt of the funds.  The purpose of this lawsuit is to recover the proceeds given

to Defendants so those funds can be equitably redistributed to the other investors who lost part or

all of the monies they invested in Weaver's and Beta's scheme.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to Section 22(a) of the Securities Act, 15

U.S.C. § 77v(a) and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.   This Court has

supplemental jurisdiction over the Illinois State law claim pursuant to 28 U.S.C. §1367.

Jurisdiction is also proper as the amount in controversy exceeds $75,000 and there is complete

diversity of the parties, pursuant to 28 U.S.C. 1332(a).

4.      Venue is proper pursuant to 28 U.S.C. §1391(b).  The acts and practices giving

rise to the claims asserted herein occurred in this District.

## THE PARTIES

### Plaintiff

5.      Plaintiff, James L. Kopecky, is the Receiver for Weaver and Beta in *Securities

Exchange Commission v. Weaver*, No. 04 C 8279 (hereinafter "*SEC v. Weaver*").  The Receiver

was appointed for the benefit of investors to "marshal, conserve, protect, hold funds, operate, and

with the approval of the Court, dispose of all assets of any nature … in which [Weaver] and

[Beta] have a legal, equitable or beneficial interest, including money that [Weaver and Beta]

improperly paid to investors …."  (Emphasis supplied.)  (A copy of the Order Appointing

Receiver is attached hereto as Exhibit A.).  Because the Receiver was not appointed until after

the transfers which are the subject of this Complaint were made, the Receiver does not have

personal knowledge of the facts alleged in this Complaint and therefore alleges those facts on

information and belief.  Receiver is a citizen and resident of the State of Illinois.

6.      Weaver is an individual, who, at all relevant times, resided in Chicago, Illinois. During the time periods relevant to this Complaint, Weaver held himself out as president of Beta. Weaver was employed as a registered representative by Raymond James Financial Services, Inc. ("Raymond James"), a registered broker-dealer, from 1999 until April 15, 2003.

7.      Beta is an Illinois corporation with its principal place of business in Chicago, Illinois.

### Defendants

8.      Defendant Mark Vehslage ("Vehslage") is a citizen and resident of the State of California, residing at 2232 Santa Barbara Street, Santa Barbara, California.

9.      Defendant Heather Lengyel ("Lengyel") is a citizen and resident of the State of California, residing at 2232 Santa Barbara Street, Santa Barbara, California.  Lengyel is the wife of Defendant Vehslage.

10.     Defendant Richard Schripsema ("Schripsema") is a citizen and resident of the State of California, residing at 1106 Harbor Hills Drive, The Mesa, Santa Barbara, California.

### Related Parties

11.     Lakewood Properties, Ltd. ("Lakewood") is an Illinois corporation formed by Defendants Vehslage and Schripsema, purportedly to invest in real estate, however, used for the purpose of fraudulently funneling funds to Defendants.

### GENERAL ALLEGATIONS

### The Fraudulent Financial Scheme

12.     From January 2003 to December 2004, Brad Weaver and Beta operated a Ponzi scheme which raised over $22 million from more than 100 investors by, among other things, making various fraudulent representations relating to their ability to trade in error accounts.  The

13.    During the period of Weaver's and Beta's fraudulent financial scheme, on or about June 4, 2004, Beta Asset wired $2.6 million dollars to Chicago Title & Trust for the benefit of Defendants and not in exchange for products, services or other consideration. Throughout the relevant time period, Lakewood received funds in excess of its investment with Beta and passed those funds on to Defendants in exchange for no value.

**The Commission's Lawsuit against Weaver and Beta**

14.    On December 23, 2004, the Commission filed its Complaint in *SEC v. Weaver* alleging that Weaver's and Beta's conduct violated section 17(a) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. § 77q(a)), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78j(b)), and Rule 10b-5 promulgated thereunder (17 C.F.R. 240.10b-5).

15.    On January 4, 2005, Weaver and Beta consented to the entry of a preliminary injunction restraining them from violating section 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Securities Exchange Act.

16.    On February 3, 2006, the Court permanently enjoined Weaver and Beta from violating section 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Securities Exchange Act.

**The Receiver's Lawsuit Against Lakewood Properties, Ltd.**

17.    On May 22, 2007, the Receiver filed an action against Lakewood in the Northern District of Illinois, *Kopecky et al. v. Lakewood Prop., Ltd.* Case No. 07 C 02863 ("Lakewood Case"). The three-count Complaint asserted 1) that Lakewood should be required to disgorge funds it acquired from Weaver's and Beta's violations of the Securities Act, the Exchange Act

4

18.     During the course of the discovery taken in the Lakewood case, the Receiver became aware that funds transferred by Weaver and Beta to Lakewood were for the benefit of, or transferred to, Defendants Vehslage, Lengyel, and Schripsema without reasonably equivalent value in exchange.

**Transfers from Lakewood to Defendants**

19.     On June 4, 2004, Beta received a wire transfer in the amount of $3,000,000 from an individual "investor" in Beta's Ponzi scheme. (A copy of the account statements reflecting the relevant transfers are attached hereto as Exhibit B[1] at B001.)   On the same day, Beta wired $2.6 million from its Bank of America account to an account at Chicago Title and Trust Company for the benefit of Lakewood.  (B002).

20.     Also on June 4, 2004, Defendant Vehslage caused the $2.6 million that Beta wired to Lakewood's account at Chicago Title and Trust, plus additional funds, to be wired in turn to an account at Northern Trust Company.  This account is held by Mark R. Vehslage, personally.  (B004).

21.     Upon information and belief, from June 2004 to the present, Defendant Vehslage, Defendant Lengyel, and Defendant Schripsema have not been employed and have had no source of income other than from income received from Lakewood.  The $2.6 million, along with the other Lakewood profits, transferred from Beta to Lakewood then subsequently transferred to Defendant Vehslage's personal account, have been used to fund Defendants' extravagant lifestyles, including, but not limited to, the purchase of a $3 million dollar home for Defendants

Vehslage and Lengyel, and the purchase of automobiles for all three Defendants.

22.    Further, Defendants provided no reasonably equivalent value for any of the funds received from Beta through Lakewood.

## COUNT I

**Disgorgement of Funds Acquired through Weaver's and Beta's Violations of the Securities Act and the Exchange Act and Rule 10b-5 Thereunder**

23.    Paragraphs 1 through 22 are realleged and incorporated by reference as though fully set forth herein.

24.    Weaver's and Beta's fraudulent financial scheme violated Sections 17(a)(1), (2) and (3) of the Securities Act, 15 U.S.C. § 77(q)(a)(1)-(3) and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b)), and Rule 10b-5 thereunder (17 C.F.R. 240.10b-5).

25.    Defendants received a profit in excess of $3 million from the fraudulent financial scheme perpetrated by Weaver and Beta.

26.    Defendants have no legitimate entitlement to or interest in the proceeds of Weaver's and Beta's fraudulent financial scheme.

27.    Defendants should be required to disgorge the proceeds they received from Weaver's and Beta's fraudulent financial scheme, or the value of those proceeds that they may have subsequently transferred to third parties.

## COUNT II

### Unjust Enrichment

28.    Paragraphs 1 through 27 are realleged and incorporated by reference as though fully set forth herein.

29.    Defendants unjustly received a profit of more than $3 million dollars from the

---

[1] To protect the identity of third parties, portions of the account statements have been redacted.

fraudulent financial scheme perpetrated by Weaver and Beta.

30.    Defendants were unjustly enriched to the detriment of the other investors in the fraudulent financial scheme.

31.    Defendants' retention of the proceeds of the fraudulent financial scheme violates fundamental principles of justice, equity and good conscience.

<b><u>COUNT III</u></b>

<b>Uniform Fraudulent Transfer Act</b>

32.    Paragraphs 1 through 31 are realleged and incorporated by reference as though fully set forth herein.

33.    The transfer of funds from Beta to Lakewood to Defendant Vehslage's personal account and used for the benefit of all Defendants constitutes either direct fraudulent conveyances or a subsequent fraudulent conveyance for no reasonably equivalent value under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq*. (2003).

34.    The transfer of funds from Beta to and for the benefit of Lakewood Properties, Ltd. and the Defendants personally was done with actual intent to hinder, delay or defraud any creditor of Beta.

35.    The transfer of funds from Beta to and for the benefit of Lakewood Properties, Ltd. and the Defendants personally was done without Beta receiving a reasonably equivalent value in exchange for the transfer or obligation, and Beta was engaged or was about to engage in the business or transaction for which the remaining assets of Beta were unreasonably small in relation to the business transaction; and intended to incur, or believe or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

36.     The subsequent transfer of funds from Lakewood to and for the benefit of Defendants was done without Beta receiving any equivalent value in exchange for the transfer or obligation.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order setting aside the transfer; enter a monetary judgment in an amount in excess of $3 million, plus pre-judgment interest; and enter such other and further relief as the Court deems just and appropriate.

June 3, 2008                              Respectfully submitted,


                                         _____/s James L. Kopecky_____
                                         Plaintiff-Receiver


James L. Kopecky, P.C.
190 South LaSalle Street, Suite 850-A
Chicago, Illinois 60603
312.380.6522
ARDC No. 6225359

Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SECURITIES AND EXCHANGE )
COMMISSION, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　)
v. )　Case No: 04 C 8279
　　　　　　　　　　　　　　　　　　)　Judge Rebecca R. Pallmeyer
BRAD A. WEAVER, BETA ASSET )　Magistrate Judge Geraldine
MANAGEMENT, INC., )　Soat Brown
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )

## ORDER APPOINTING A RECEIVER

Plaintiff, Securities and Exchange Commission ("Commission"), requested that

the Court appoint a Receiver for the benefit of investors to marshal, conserve, protect,

hold funds, operate and, with the approval of the Court, dispose of all assets of any

nature, wherever those assets may be found, in which Brad A. Weaver and Beta Asset

Management, Inc. ("Defendants") have a legal, equitable or beneficial interest, including

money that Defendants improperly paid to investors (collectively "Receivership

Property").

The Commission requests the appointment of James L. Kopecky as receiver over

Defendants and the Receivership Property.

　　　1.　　　The Receiver shall have the following powers and duties to fulfill his

obligations:

　　　　　　a.　　　Use reasonable efforts to determine the nature, location, and value

　　　　　　　　　of all assets and property owned by Defendants and their affiliates,

　　　　　　　　　in their possession or subject to their control;

b.    Use reasonable efforts to determine the identity of all of Defendants' investors; the amount of money that Defendants received from each investor; the amount of money that Defendants' paid to each investor; and seek to recover excessive payments, if any paid to certain investors, for more equitable distribution;

c.    Engage and employ, with the approval of the Court, any accounting firms or other necessary individuals or entities the Receiver deems necessary to assist in his duties ("Retained Personnel");

d.    Take such action as necessary and appropriate to prevent the dissipation or concealment by Defendants or their affiliates of any funds or assets constituting Receivership Property and otherwise preserve any such funds and assets;

e.    The Receiver shall have the authority to issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure, concerning any subject matter relating to the identification, preservation, collection and/or liquidation of the Receivership Property, including, without limitation, Defendants and their affiliated entities' assets, money received from or paid to investors, or otherwise related to the discharge of the Receiver's duties;

f.    Oversee the operations of any and all businesses owned or controlled by Defendants or otherwise constituting a part of the

Receivership Property; and

g.    The Receiver may bring such legal actions based on law or equity in any state, federal, or foreign court as he deems necessary or appropriate in discharging his duties as Receiver or on behalf of investors whose interests he is protecting.

2.    Within sixty (30) days of his appointment as Receiver, or such longer time as the Court may approve, the Receiver shall file an inventory and appraisal of all property and assets in Defendants' possession, custody or control or in which Defendants hold a beneficial interest.

3.    Within thirty (30) days after the filing of the inventory, and at regular intervals of not less than three (3) months thereafter until discharged, the Receiver shall file reports of his acts and transactions in his official capacity as Receiver.

4.    The Receiver shall establish one or more bank account(s), in his discretion, to deposit any of Defendants' funds frozen by prior Orders in this case and any other funds the Receiver may recover, including any money recovered from investors or derived from liquidating Receivership Property ("Receivership Accounts"). The Receiver shall use such funds for any legitimate purpose consistent with the Receiver's powers and duties and this Order, including paying fees and expenses of the Receiver and Retained Personnel, as approved by the Court.

5.    The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement to the extent that funds are available to make such payments from the Receivership Accounts. Such compensation shall be in amounts commensurate with the services performed by the Receiver and Retained Personnel and

shall be subject to the approval of the Court. The Receiver and Retained Personnel shall apply to the Court for such compensation and expense reimbursement quarterly, beginning with the first report the Receiver files pursuant to paragraph 3 of this Order and such amounts shall be paid from the Receivership Accounts.

6.     The Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary duties and obligations in this matter unless and until this Court so orders.

7.     The Receiver and Retained Personnel are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

8.     Defendant Weaver is required to assist the Receiver in fulfilling his duties and obligations. As such, he must respond promptly and truthfully to all requests for information and documents from the Receiver. However, this requirement does not impinge on Weaver's rights to assert any applicable privilege.

9.     All investors, creditors, and other persons, and all others acting on behalf of any such investor, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are stayed from:

          a.     Commencing, prosecuting, continuing or enforcing any suit or

proceeding against or affecting Defendants or any other part of the Receivership Property, except that such actions may be filed to toll any statutes of limitations;

b.    Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any portion of the Receivership Property, including, without limitation, any property owned by or in the possession of Defendants or the Receiver, wherever situated;

c.    Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with Defendants or any entities controlled by Defendants, or otherwise affecting the Receivership Property; and

d.    Doing any act to interfere with the taking control, possession, or management, by the Receiver, of any portion of the Receivership Property, including, without limitation, Defendants' assets and assets owned, controlled, or in the possession of the Receiver, or to in any way interfere with or harass the Receiver, or to interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Property.

10.    From time to time upon application of the Receiver, the Court shall reissue

this order and upon applications of the Receiver may amend this order.

11.    All persons, and all others acting on behalf of any such persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are ordered to turn over to the Receiver any and all property, including records of any nature in which Defendants are the owner or have an interest in, immediately upon receiving notice of the entry of this order.

Dated: ___2/24/06___

_____
United States District Court Judge

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 8279 | **DATE** | 2/1/2007 |
| **CASE TITLE** | Securities and Exchange Commission vs. Brad A. Weaver | | |

**DOCKET ENTRY TEXT**

Status hearing held on 2/1/2007.  Status hearing set for 5/1/2007 at 9:00.  Receiver's application to reissue order appointing a receiver (56) granted.  James L. Kopecky is appointed as receiver over defendants and the Receivership Property effective February 2, 2007.

Docketing to mail notices.

00:03

| | Courtroom Deputy Initials: | ETV |
|---|---|---|

# Exhibit B

Page 2 of 9
Account Number: 0028 7204 4535
E0 E  EA Enclosures 0          54
Statement Period
06/01/04 through 06/30/04     0019012

BETA ASSET MANAGEMENT, INC.

## Deposits and Credits - Continued

| Date Posted | Amount | Description | Bank Reference |
|---|---|---|---|
| 06/02 | 55,000.00 | | 903706020015847 |
| 06/03 | 10,000.00 | | 903706030010084 |
| 06/03 | 10,000.00 | | 903706030010151 |
| 06/04 | 3,000,000.00 | Wire Type:Wire IN Date: 040604 Time:1157 Et Trn:2004060400017906 Seq:Bn040604141568/001727 Orig:▓▓▓▓▓▓▓▓▓▓▓▓ Snd Bk:Bank One, N .A. ID:▓▓▓▓▓▓ Pmt Det:Bn040604141568 Further Cr Edit ▓▓▓▓▓▓▓▓▓ | 903706040017906 |
| 06/07 | 25,000.00 | | 903706070031539 |
| 06/07 | 20,000.00 | | 903706070031466 |
| 06/08 | 50,000.00 | | 903706080019690 |
| 06/08 | 13.65 | | 905706070595575 |
| 06/09 | 100,000.00 | | 903706090014894 |
| 06/09 | 100,000.00 | | 903706090029350 |
| 06/09 | 50,000.00 | | 903706090030471 |

B 001

BETA ASSET MANAGEMENT, INC.

## Withdrawals and Debits - Continued

**Other Debits**

| Date Posted | Amount | Description | Bank Reference |
|---|---|---|---|
| 06/03 | 135,000.00 | | 903706030041422 |
| 06/03 | 20.00 | | 903706030015092 |
| 06/04 | 2,600,000.00 | Wire Type:Wire Out Date:040604 Time:1256 Et Trn:2004060400022163 Service Ref:000508 Bnf:Chicago Title & Trust Co ID:5800038704 Bnf Bk: Lasalle Bank N.A. ID:071000505 Pmt Det:Ref:Es# 024 055384 | 903706040022163 |
| 06/04 | 55,000.00 | | 903706040022311 |
| 06/04 | 20.00 | | 903706040015304 |
| 06/04 | 20.00 | | 903706040015302 |
| 06/07 | 105,000.00 | | 903706070024691 |
| 06/07 | 20.00 | | 903706070015404 |
| 06/10 | 2,000.00 | | 903706100031146 |
| 06/10 | 2,000.00 | | 903706100031381 |
| 06/10 | 20.00 | | 903706100014336 |
| 06/10 | 20.00 | | 903706100014334 |
| 06/15 | 1,192,800.00 | | 903706150014664 |
| 06/15 | 20.00 | | 903706150014640 |
| 06/16 | 100,000.00 | | 903706160032673 |
| 06/16 | 500.00 | | 957106167524723 |
| 06/16 | 20.00 | | 903706160013177 |
| 06/17 | 2,000.00 | | 957206177509975 |
| 06/17 | 3,000.00 | | 902541682259798 |
| 06/18 | 85,000.00 | | 903706180022707 |

```
ESCRINQ                         ESCROW ACCOUNT INQUIRY                              ESUBE-01401
                                                                                     03/13/07
                                                                                 PAGE 001 OF 002
       ESCROW ACCOUNT: 01401-024055384-001
        ESCROW ADMIN: PMC   PATRICE M. CONNOLLY          BUYER: LAKEWOOD PROPERTIES, LTD.
     CLOSING LOCATION: LND                              SELLER: NO PRIMARY SELLER
         DATE OPENED: 05/14/04
  LAST ACTIVITY DATE: 06/04/04                       CASH BALANCE:            0.00+
     DATE OVERDRAWN:   / /                        SECURITY BALANCE:           0.00+
      DATE ARCHIVED:   / /    ARCHIVED DEVICE:      UNPOSTED CASH:            0.00+

  DATE   POST DATE CLEAR DATE TRN  DOCUMENT  BNK     PAYOR/PAYEE         USER     AMOUNT    ST OFFICE  ORDER NUMBER
06/04/04  06/04/04   / /   DW 000000001371 102 MARK R VEHSLAGE          PMC  2,658,275.22- L 01401  01401-024055384
06/02/04  06/02/04   / /   DW 000000010960 102 CITIBANK (WEST), FSB     JA1  1,226,052.08- L 01401  01401-024055384
06/02/04  06/02/04   / /   DW 000000010961 102 CITIBANK (WEST), FSB     JA1  1,323,081.20- L 01401  01401-024055384
06/02/04  06/02/04   / /   DW 000000000144 100 VOID - $2,658,275.22+ MARK R VEHSL PMC    0.00+ V 01401  00000-
06/01/04  06/01/04   / /   R  000000010769 998 ESCROW 24057728 UNIT 1   JA1    480,085.00+ L 01401  01401-024055384
06/01/04  06/01/04   / /   R  000000010770 998 ESCROW 24057696 855-1    JA1    281,762.50+ L 01401  01401-024055384
06/01/04  06/01/04   / /   R  000000010771 998 ESCROW 24057695 857-2    JA1    392,961.00+ L 01401  01401-024055384
06/01/04  06/01/04   / /   R  000000010786 998 ESCROW 24057745 UNIT 857-G JA1  296,102.50+ L 01401  01401-024055384
06/01/04  06/01/04   / /   R  000000010787 998 ESCROW 24057691 UNIT 859-4 JA1  456,497.50+ L 01401  01401-024055384
06/01/04  06/04/04   / /   RW 000000010906 102 LAKEWOOD PROPERTIES, LTD PMC  2,600,000.00+ L 01401  01401-024055384

   <S> SECURITY   <L> LEDGER    <R> RECEIPT   <I> RCPTINQ   <E> ESCRMAIN   <D> DISBURSE
```

B 003



# The Northern Trust Company

50 South LaSalle Street, Chicago, Illinois 60675

**STATEMENT OF WIRE ACTIVITY**

MARK R VEHSLAGE
40 E CHICAGO # 403
CHICAGO IL 60611

ACCOUNT NO 0002423669

DATE: JUNE 4, 2004

PAGE: 1

Inquiries regarding this statement may be
phoned to: Electronic Banking (312) 444-3695

| Transaction Description | Debit | Credit |
|---|---|---|
| FWI TRN 20040604-113500      0604G1QG760C00363306041521FT01 | | $2,658,275.22 |
|   ORG: CHICAGO TITLE AND TRUST CO LOOP 171 N CLARK | | |
|     ATT DONNA KRUPSKI CHICAGO, IL 60601 | | |
| FROM: LASALLE BANK N.A.                    ABA/071000505 | | |
|   BNFACCT: 2423669 | | |
|   BNF: MARK R VEHSLAGE | | |
|   RFB: 040604006620 | | |
|   BBI: DEP TO ABOVE ACCT | | |

```
    SUMMARY
    -------

              NUMBER            AMOUNT
              ------            ------
    DEBITS       0               $.00
    CREDITS      1         $2,658,275.22
    -------
    TOTAL        1
```

ABBREVIATION:   FWO - Fed Wire Out   IBT - Internal Bank Transfer   FWI - Fed Wire In

B 004

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES L. KOPECKY, RECEIVER** | ) | |
| **FOR BRAD A. WEAVER AND** | ) | |
| **BETA ASSET MANAGEMENT, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  08 C 3135** |
| | ) | |
| **MARK VEHSLAGE, HEATHER** | ) | |
| **LENGYEL, and RICHARD** | ) | **Honorable Blanche M. Manning** |
| **SCHRIPSEMA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## Notice of Filing

PLEASE TAKE NOTICE that on June 3, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, **Plaintiff's Amended Complaint**.

Respectfully submitted,

s/James L. Kopecky
James L. Kopecky, Receiver

James L. Kopecky, P.C.
190 S. LaSalle St., Ste. 850-A
Chicago, IL 60603
T: (312) 527-3966
F: (312) 527-3968

## CERTIFICATE OF SERVICE

I, James L. Kopecky, do hereby attest and state that on June 3, 2008, I caused **Plaintiff's Amended Complaint** to be served on all parties via the U.S. District Court for the Northern District of Illinois' ECF system and/or U.S. Mail.

s/ James L. Kopecky